{¶ 1} I respectfully dissent. I would reverse and remand for further proceedings. Although the magistrate here conducted an in-camera interview with A.R., it is unclear as to what he held in relation to her "wishes and concerns" with respect to allocution of parental rights pursuant to R.C. 3109.04 (B). The trial court is not required to issue written findings regarding its conclusion as to a child's reasoning ability absent "special circumstances." Madison v. Jameson (July 9, 1997), 9th Dist. No. 18013. "A plain reading of the statute indicates the court is not required to issue factual findings concerning the child's reasoning ability unless the court determines the child has sufficient reasoning ability but, because of special circumstances, it would not be in the child's best interest to consider the child's wishes." Id. It is unclear though here whether the trial court determined that special circumstances existed or if A.R. did not have sufficient reasoning ability.
{¶ 2} Obviously, having the opportunity to interview a child in a child custody case could shed some light into what is really transpiring in a family. Trial judges and magistrates have the Solomonic task of determining who is telling the truth and what is best for a little child. Any vehicle that is legally permissible, such as the use of guardian ad litems, psychological evaluations, and court social workers, should be explored. Sadly, this case involves two parents accusing each other of some outrageous conduct that could negatively impact A.R. As such, every opportunity available should be utilized to ascertain the truth. One vehicle would be a thorough in-camera interview of A.R. where she could fully express her view of the issues. Consequently, I would remand this case for further exploration of A.R.'s wishes and concerns.